IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RODNE' DAVIS-MOAB**                                    **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 2:18-CV-204-KS-JCG**

**COMMISSIONER OF SOCIAL SECURITY**               **DEFENDANT**

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), the claimant Rodne' Davis-Moab seeks judicial review of the decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits and supplemental security income. Defendant has filed a Motion to Dismiss (ECF No. 20), alleging that Plaintiff's Complaint is untimely. Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned United States Magistrate Judge concludes that Plaintiff's Complaint is untimely and recommends that Defendant's Motion to Dismiss be granted.

## DISCUSSION

Although styled as a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the undersigned has considered the Social Security Administration records submitted by the Defendant as well as the various documents submitted by the Plaintiff. Therefore, the undersigned recommends that the Motion to Dismiss be converted to one for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. *See Pride v. FEMA*, No. 1:11-cv-22-HSO-JMR, 2013 WL 6048153, at *1 (S.D. Miss. Nov. 15, 2013).

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

"A genuine dispute of material fact means that 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Royal v. CCC & R Tres Arboles, LLC*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If evidence presented by the nonmovant "'is merely colorable, or is not significantly probative,' summary judgement is appropriate." *Anderson*, 477 U.S. at 249 (internal citations omitted). In deciding whether summary judgment is appropriate, the Court views the evidence and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

The Social Security Act provides that:

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil

>action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. 405(g). The Social Security regulations provide that "the date of receipt of [the] notice of denial of request for review of the presiding officer's decision or notice of the decision of the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

In this case, the Administrative Law Judge (ALJ) denied Plaintiff's claims for disability insurance benefits and supplemental security income on May 8, 2015 (ECF No. 20-1 at 9-15). Plaintiff did not file his request for review of the ALJ's decision until May 31, 2018, although the request indicates it was signed on May 29, 2018 (ECF No. 20-1 at 21). The Appeals Council dismissed Plaintiff's request on August 15, 2018, finding that it was untimely and Plaintiff had not shown good cause for extending the time limits (ECF No. 20-1 at 22-25). Given the five-day presumption in 20 C.F.R. § 422.210(c), Plaintiff is deemed to have received the Notice on August 20, 2018. Therefore, Plaintiff's deadline to commence an action for judicial review was October 19, 2018.

Plaintiff's Complaint (ECF No. 1), which he signed on November 27, 2018, was not filed with this Court until November 29, 2018. However, he argues he did not receive notice of the Appeals Council's decision until he went to the Hattiesburg, Mississippi Social Security Office sometime in November 2018. In the various documents filed by the Plaintiff, he alleges that his attorney at the time of the

3

hearing before the ALJ, Samuel A. Montgomery, did not advise him of the appeals process when he discontinued his representation on July 12, 2015 (ECF No. 1-2 at 4). Plaintiff indicates this is the reason he was late in filing his request for review of the ALJ's decision.

He also indicates that on September 27, 2018, he noticed his mail was being sent to an address in Canton, Mississippi, even though he had relocated to New York. Based on the copy of the Notice from the Appeals Council provided by the Plaintiff, it is the address the Social Security Administration had on file for him (ECF No. 8-1 at 16). Nevertheless, he also states that he received notice from "Mr. Rogers," the Administrative Appeals Judge, on August 15, 2018 (ECF No. 1-2 at 5).

Plaintiff has provided conflicting statements regarding whether or when he received the Notice of the Appeals Council's decision. However, the undersigned finds that Plaintiff has not made a "reasonable showing" that he did not receive notice. Statements by a claimant alone are not enough to rebut the five-day presumption. *See Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997); *see also Pettway v. Barnhart*; 233 F. Supp. 2d 1354, 1356 (S.D. Ala. 2002) (collecting cases). Therefore, Plaintiff should have commenced this action on or before October 19, 2018.

However, even if Plaintiff did not receive the Notice of the Appeals Council Action until November 2018, the Social Security regulations provide that Plaintiff must seek additional time to file a civil action from the Appeals Council. *See* 20 C.F.R. §422.210(c) (a civil action "must be instituted within 60 days . . . except that

this time may be extended *by the Appeals Council . . .*"). "[D]istrict courts have no such authority to extend the time period beyond sixty days." *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984). Plaintiff makes no allegation of having sought such an extension from the Appeals Council prior to filing this action.

However, the statute of limitations is not jurisdictional in nature and is subject to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 478-80 (1986). Courts may only toll the statute of limitations in "rare cases . . . when 'the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate.'" *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990) (quoting *Bowen*, 476 U.S. at 480). Plaintiff must show that he "has pursued his rights diligently but some extraordinary circumstances prevent[ed] him from bringing a timely action." *Lozana v. Montoya Alvarez*, 572 U.S. 1, 10 (2014) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Plaintiff's claims regarding his attorney's failure to inform him of the appeal process may explain why Plaintiff did not request review from the Appeals Council until three years after the ALJ's decision. They do not explain his delay in seeking judicial review, particularly when he indicates his attorney informed him of his withdrawal in 2015. *But see Torres v. Barnhart*, 417 F.3d 276, 276-80 (2d Cir. 2005) (Spanish-speaking plaintiff's belief that a lawyer represented him after plaintiff sought the attorney's help in filing a complaint in the district court and the attorney sent plaintiff a fee agreement may be sufficient for equitable tolling). Plaintiff also states he moved to New York at some point between the ALJ's decision and seeking

review by the Appeals Council. However, he indicates he did not update his address until September 2018. After his attorney ceased his representation, it became Plaintiff's responsibility to keep the Social Security Administration advised of any changes in his contact information. *See Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003). Because Plaintiff has not demonstrated any rare or exceptional circumstances in this case, he is not entitled to equitable tolling.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that Defendant's Motion to Dismiss (ECF No. 20) be granted and that judgment be entered in favor of the Commissioner.

## NOTICE OF THE RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within

fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 29th day of October, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE